**TIFFANY & BOSCO**
P.A.

2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-22536

**IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED.**

The party obtaining this order is responsible for noticing it pursuant to Local Rule 9022-1.

**Dated: February 17, 2011**



_____
**RANDOLPH J. HAINES**
**U.S. Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>Elaina Maria Martinez<br>      Debtor.<br>_____<br>Wells Fargo Bank N.A. successor by merger to Wells Fargo Home Mortgage, Inc.<br><br>      Movant,<br>vs.<br><br>Elaina Maria Martinez, Debtor; Edward J. Maney, Trustee.<br><br>      Respondents. | No. 2:10-bk-20982-RJH<br><br>Chapter 13<br><br>(Related to Docket #29)<br><br>**ORDER REGARDING MOTION FOR RELIEF** |

     IT IS HEREBY ORDERED by and between the parties herein, through counsel undersigned, that all stays and injunctions, including the automatic stays under U.S. Bankruptcy Code Section 362(a), are hereby vacated with respect to the real property which is the subject of the Deed of Trust recorded in the records of the MARICOPA County, Arizona Recorder's Office, wherein Elaina Maria

1

Martinez, is designated as trustor and Wells Fargo Bank N.A. successor by merger to Wells Fargo Home Mortgage, Inc. is the current beneficiary, which Deed of Trust encumbers the following described real property:

> LOT 138, NORTH POINTE IV, ACCORDING TO BOOK 279 OF MAPS, PAGE 19, RECORDS OF MARICOPA COUNTY, ARIZONA

IT IS FURTHER ORDERED that the Debtor will cure the post-petition arrearages currently due as follows:

| | |
|---|---:|
| 3 Monthly Payments at $1,161.45 | $3,484.35 |
| (November 1, 2010 - January 1, 2011) | |
| 3 Late Charges at $46.46 | $139.38 |
| (November 16, 2010 - January 16, 2011) | |
| Motion for Relief Filing Fee | $150.00 |
| Attorney's Fees | $800.00 |
| Suspense Amount | ($1.59) |
| Total | $4,572.14 |

1. The total arrearage shall be paid in six monthly installments. Payments one through five (1-5) in the amount of $762.03 shall be in addition to the regular monthly payment and shall be due on or before the 15th day of the month commencing with the February 15, 2011 payment and continuing throughout and concluding on or before June 15, 2011. The sixth final payment in the amount of $761.99 shall be paid on or before July 15, 2011.

2. In addition to the payment listed in Paragraph 1, the Debtor, will make the regular post-petition payment due for , which shall be made when due, and all subsequent payments shall be made when due.

IT IS FURTHER ORDERED that Wells Fargo Bank N.A. successor by merger to Wells Fargo Home Mortgage, Inc. as the current beneficiary under the above described Deed of Trust agrees not to conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust, so long as the

terms of this Stipulation are complied with.  In the event of default in making any payments described herein Secured Creditor is permitted, in its discretion, to conduct a Trustee's Sale, judicial foreclosure, or take whatever other actions necessary to protect their interest in the above legally described property upon giving written notice of such default to debtor, Debtor's Counsel and Trustee and Debtor's failure to cure such default within fifteen (15) days of the date of such notice.  In the event said default is not cured within said fifteen (15) day period, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the Plan.

IT IS FURTHER ORDERED that if a default notice becomes necessary, Debtor will be charged $150.00 for fees and costs associated with handling the curing of the default, to be paid together with the defaulted payment and late charge.  Debtor shall tender the default payment, late charge and the additional $150.00 fee for attorney's fees and costs, as set forth above, in the form of a <u>cashier's check or money order</u>, made payable to Movant.  If the defaulted payments are not received by Movant, together with the late charge and the $150.00 default fee, within fifteen days after the default notice was sent, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the plan.

IT IS FURTHER ORDERED that if Debtor Bankruptcy Case No. 2:10-bk-20982-RJH is dismissed, either voluntary or involuntary, for any reason, this Stipulation will become null and void and Wells Fargo Bank N.A. successor by merger to Wells Fargo Home Mortgage, Inc., and after such dismissal, may, in its discretion, conduct a Trustee's Sale or judicial "foreclosure" on its Deed of

Trust or take whatever other actions necessary to protect their interest in the above legally described property.

IT IS FURTHER ORDERED that in the event of conversion by the Debtor to any other bankruptcy chapter, the repayment portion of this Order shall become null and void, except that the portion of this Order vacating the automatic stay under U.S. Bankruptcy Code Section 362 (a) shall remain in full force and effect.

IT IS FURTHER ORDERED that any hearings scheduled in the matter are vacated.